IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

R. WAYNE WALTON,
              Plaintiff,

v.                                                       Civil Action No. 3:12-cv-00278-JAG

KENNETH MELSON,
*Bureau of Alcohol, Tobacco and Firearms*,
              Defendant.

## **MEMORANDUM OPINION**

This matter is before the Court on the defendant's motion to dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). The plaintiff, Mr. Walton,[1] is prohibited from possessing a firearm after being convicted of a misdemeanor of domestic violence. He sought reinstatement of his firearm privileges from the Bureau of Alcohol, Tobacco, and Firearms ("ATF"). The ATF is unable to process Walton's request because Congress has eliminated all funds for investigating requests for relief from firearms disability. Walton has filed a complaint, seeking judicial review of the ATF's non-approval of his request. The Court holds that it lacks subject matter jurisdiction over this matter and will therefore grant the defendant's motion to dismiss.[2]

---

[1] His name appears on the Court's docket as shown above, but, in his complaint, the plaintiff refers to himself as both "R Wayne M. Walton" and "Rwayne M. Walton." The Court shall refer to him simply as "Walton" to avoid any further confusion.

[2] Because the Court lacks subject matter jurisdiction, it will not address whether the complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

## I. Statement of Facts

The following facts are taken from the parties' pleadings.[3] Walton was convicted of a misdemeanor of domestic violence in 1997 and again in 2005. As a result of these convictions, he is prohibited from possessing a firearm. *See* 18 U.S.C. § 922(g)(9). Pursuant to 18 U.S.C. § 925(c) and 27 C.F.R. § 478.144, which allow persons prohibited from possessing firearms to seek relief from their disability, Walton sent a request to the ATF, seeking restoration of his federal firearms privileges. In a response letter, the ATF stated that it could not process Walton's request because it is statutorily prohibited from expending funds to process § 925(c) requests. Walton then filed a complaint in this Court, seeking review of this "denial." The ATF has filed a motion to dismiss, arguing that the Court lacks subject matter jurisdiction and that the complaint fails to state a claim upon which relief can be granted.

## II. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a court's jurisdiction over the subject matter of a case. *See* Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion attacks subject matter jurisdiction by asserting that, as a factual matter, the plaintiff cannot meet his burden of establishing a jurisdictional basis for the suit. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In order to determine whether jurisdiction exists, "[a] trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." *Id.* (citing *Mims v. Kemp*, 516 F.2d 21 (4th Cir. 1975)).

Because it determines "the court's very power to hear the case," a court should address doubts concerning its subject matter jurisdiction before ruling on any other aspect of the case.

---

[3] Walton has not filed a response to the motion to dismiss, despite receiving notice that failure to do so could result in dismissal. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Thus, the Court must make a decision without full briefing of the motion.

2

*Owens–Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir. 1999). When a defendant contends that the complaint fails to allege facts upon which subject matter jurisdiction can be based, all facts in the complaint are presumed true. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir.2009) (citation omitted); *see also King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780–81 (E.D. Va. 2002). Regardless of any deference owed to the pleadings, the plaintiff bears the burden of ultimately proving subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

### III. Discussion

18 U.S.C. § 922(g)(9) provides that it is unlawful for any person who has been convicted of a misdemeanor of domestic violence to possess a firearm in or affecting interstate commerce. A person falling under this provision "may make application to the Attorney General for relief from" this disability. 18 U.S.C. §925(c). The Attorney General has delegated the authority for considering such requests to the ATF. *See* C.F.R. § 478.144. If the ATF denies an application, the applicant may then "file a petition with the United States district court for the district in which he resides for a judicial review of such denial." 18 U.S.C. § 925(c). The District Court has the authority to "set aside" the ATF's decision if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," pursuant to the Administrative Procedure Act. *See* 5 U.S.C. §§ 701(a), 706(2)(A).

Since 1992, Congress has blocked the use of funds to process requests under § 925(c). *See* Consolidated and Further Continuing Appropriations Act, 2012, Pub. L. No. 112-55, 125 Stat. 552 (2011) ("[N]one of the funds appropriated herein shall be available to investigate or act upon applications for relief from Federal firearms disabilities under 18 U.S.C. 925(c)."). The rationale for this prohibition was that "the approximately 40 man-years spent annually to

investigate and act upon these investigations and applications would be better utilized to crack down on violent crime." S. Rep. No. 103-103, at 20 (1993). In effect, Congress has voided § 925(c) by prohibiting the ATF from spending any funds investigating requests for relief from firearms disability. *See Burtch v. U.S. Dept. of the Treasury*, 120 F.3d 1087 (9th Cir. 1997) ("[T]he failure to appropriate investigatory funds should be interpreted as a suspension of that part of section 925(c) which is affected.").

The ATF has neither approved nor denied Walton's request, and District Courts may only review § 925(c) requests in the event that the ATF has actually denied the request. *See* 18 U.S.C. § 925(c) ("Any person whose application for relief from disabilities is *denied* . . . may file a petition with the United States district court. . . .") (emphasis added). Because the ATF is statutorily prohibited from processing § 925(c) requests, the necessary predicate for judicial review—a denial—has not occurred. Under Supreme Court precedent, this Court lacks jurisdiction to review Walton's request:

> Inaction by ATF does not amount to a "denial" within the meaning of § 925(c). The text of § 925(c) and the procedure it lays out for seeking relief make clear that an actual decision by ATF on an application is a prerequisite for judicial review, and that mere inaction by ATF does not invest a district court with independent jurisdiction to act on an application.

*United States v. Bean*, 537 U.S. 71, 75–76 (2002); *see also United States v. Law*, No. 5:91–00225, 2004 WL 1179457 (S.D.W. Va. May 19, 2004) ("[T]he absence of an actual denial of respondent's petition by ATF precludes judicial review under § 925(c)."). Lacking jurisdiction, this Court may go no further.[4] Dismissal is the appropriate outcome.

---

[4] Because Walton is proceeding *pro se*, the Court has construed his complaint liberally. Courts that have considered the same type of challenge have addressed whether a District Court may issue a writ of mandamus, ordering the ATF to process a § 925(c) request. *See, e.g., McHugh v. Rubin*, 220 F.3d 53, 58 (2d Cir. 2000). Other courts have addressed whether the failure of the government to provide a mechanism for the restoration of firearm privileges violates the Due Process Clause. *See, e.g., Black v. Snow*, 272 F. Supp. 2d 21 (D.D.C. 2003), *aff'd sub nom.*,

4

## IV. Conclusion

For the reasons set forth above, the Court shall grant the motion to dismiss.

The Court shall enter an appropriate order.

Date: July 18, 2012
Richmond, VA

/s/ John A. Gibney, Jr.
United States District Judge

---

*Black v. Ashcroft,* 110 F. App'x 130 (D.C. Cir. 2004). Since neither theory has merit, the Court will not read them into the plaintiff's complaint.